IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01392-LTB-MJW

JD PARKER CONSTRUCTION, INC., a Colorado corporation, and
ELIZABETH S. LANDEN AND GERALD C. LANDEN,
Trustees of the Landen Family Living Trust,

Plaintiffs,

v.

EASTERN EQUITY PARTNERS, L.L.C. and
JEHANGER RAJA,

Defendants.

---

**RECOMMENDATION THAT ACTION BE DISMISSED
BASED UPON PLAINTIFFS' FAILURE TO PROSECUTE AND CORPORATE
PLAINTIFF'S FAILURE TO RETAIN COUNSEL**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Amended Order of Reference to United States Magistrate Judge issued by Judge Lewis T. Babcock on October 20, 2008. (Docket No. 24).

Plaintiffs commenced this action through counsel on July 1, 2009. (Docket No. 1). On February 13, 2009, a Clerk's Entry of Default was filed with respect to the two defendants remaining in this action. (Docket No. 36). The following month, plaintiffs' counsel moved to withdraw (Docket No. 37), and that motion was granted on April 16, 2010 (Docket No. 38). New counsel has not entered an appearance for the plaintiffs, one of which is a corporation. The Tenth Circuit has a "long-standing rule that a

2

corporation must be represented by an attorney to appear in federal court." <u>Tal v. Hogan</u>, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006). No action has been taken in this case since plaintiffs' counsel was permitted to withdraw over one year ago.

Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based on the foregoing, on April 21, 2011, this court entered an Order to Show Cause directing that on or before May 12, 2011, plaintiffs shall show cause in writing why this case should not be dismissed based upon their failure to prosecute this action, and with respect to plaintiff JD Parker Construction, Inc., such plaintiff shall further show cause on or before May 12, 2011, in writing why the case should not be dismissed based upon that plaintiff's failure to retain counsel. (Docket No. 40). No response has been filed by either plaintiff. It is thus hereby

**RECOMMENDED** that this action be dismissed based upon plaintiffs' failure to prosecute this action, and with respect to plaintiff JD Parker Construction, Inc., the case alternatively be dismissed based upon that corporate plaintiff's failure to retain counsel.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

3

**within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  June 3, 2011                           s/ Michael J. Watanabe
       Denver, Colorado                      Michael J. Watanabe
                                             United States Magistrate Judge